UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| JAMAREUS Q. BENFORD, | )<br>) |
| Plaintiff, | ) Civil Action No. 0: 21-62-WOB<br>) |
| v. | )<br>) |
| J.C. STREEVAL, et al., | ) **MEMORANDUM OPINION**<br>) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jamareus Benford has filed a *pro se* amended complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) as well as a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA").  [R. 7]  The Court has granted his motion to proceed *in forma pauperis* by separate Order.  [R. 8]

The Court must conduct a preliminary screening of the complaint.  28 U.S.C. §§ 1915(e)(2), 1915A.  When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).  The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Benford indicates that on March 9, 2019, he injured his right ankle while playing a basketball game at the federal prison in Ashland, Kentucky.  Other inmates carried him off the basketball court, and then prison guards took him to a hospital nearby to be evaluated.  However,

1

the examining physician concluded that Benford had not broken a bone, and directed that he should receive pain medication and be returned for a follow up examination. [R. 7-1 at 1-2] Benford complains that after his injury he should have immediately received pain medication, had an x-ray and/or a MRI performed, and been re-assigned to a lower bunk bed, but that none of these steps were taken. Within a few days Benford filed several requests to his Unit Team Manager requesting that he be given stronger pain medication and that an x-ray be performed, without success. *Id*. at 2-6.

Eleven days after his injury, an orthopedist examined Benford and concluded that he likely suffered an ankle sprain. The specialist indicated that an x-ray or MRI was not necessary. On April 10, 2019, one month after his injury, x-rays were taken of Benford's ankle. A review of the x-rays revealed that Benford had suffered a fracture in the bone just above his right ankle. In the following weeks Benford continued to complain of pain and discomfort. By late April Benford was given naproxen, which he indicates alleviated his pain much more effectively than ibuprofen. Benford states, however, that he did not receive further care for his injury until July 2019. Benford continued to receive medical assessments and care for his injury during August 2019, although he contends that it was insufficient. He further alleges that he fell in October 2019 when his right leg "gave out" while walking or traversing stairs, which in turn injured his left knee and right forearm. Benford states that a visit on October 2019 was the last time he was seen regarding his injury. [R. 7-1 at 7-15]

Benford indicates that beginning a few days after his injury he started filing informal requests to staff, both correctional and medical, regarding the sufficiency of his medical care. He contends, however, that the responses made incorrect statements about his condition or were otherwise insufficient to address his concerns. Benford filed a formal grievance with the warden

on March 22, 2019, which was assigned Remedy ID 972605-F1.  The warden denied that grievance on May 8, 2019.  *See* [R. 7-1 at 5-6, 8-10, 35-39, 67-70]  Benford filed an appeal to the Mid-Atlantic Regional Office ("MARO") on June 1, 2019.  However, MARO assigned that appeal a different Remedy ID (980670-R1) and rejected it on June 12, 2019, stating that Benford had failed to file an initial grievance with the warden first.[1]  Benford states that he later sent another appeal to an entirely different regional office, which was promptly rejected as having been filed in the wrong region.  He also filed another, belated appeal to MARO, which MARO denied in September 2019 because Benford did not sign it and because it was untimely.  MARO's rejection notice did afford Benford the opportunity to refile his appeal if he could "provide staff verification stating reason untimely filing was not your fault."  [R. 7-1 at 11-14, 76-79, 86]  Benford did not attempt to do so, nor did he appeal to the BOP's Central Office.

In May 2020, Benford filed a Standard Form SF-95, *Claim for Damage, Injury, or Death* with the Bureau of Prisons seeking administrative settlement of his claim regarding his injury and the ensuing medical care.  On January 13, 2021, the BOP issued a letter describing the extensive medical care provided to Benford for his injury, concluding that no negligence had been shown and denying his request for administrative settlement.  The letter advised Benford that he must file suit within six months of the letter if he wished to pursue a claim under the FTCA.  [R. 7-1 at 15-16; 54-60]

---

[1]  This may occur when MARO is unable to associate an appeal that it has received with an initial grievance the prisoner filed with the warden.  This would suggest, at a minimum, that MARO did not receive a copy of Benford's grievance with the warden as part of his appeal packet as required by the BOP's grievance procedure.  However, Benford asserts that he had, in fact, sent with his appeal copies of both his informal grievances and his formal grievance to the warden, along with the responses to them.  Nonetheless, Benford does not indicate either that he advised MARO of this fact after it rejected his appeal or that he appealed MARO's rejection to the Central Office.

3

Benford signed his original complaint in this matter on May 31, 2021. [R. 1 at 8] The complaint named eleven corrections officials and health care providers as defendants. [R. 1 at 1-2, 9] The complaint form itself was largely blank, with Benford referencing various attachments to explain the factual and legal bases for his claims. *Id*. at 2-4. Notably, Benford indicated that he had explained the legal basis for his claims in "Attachment II," *see Id.* at 4, but no such document was included with his original complaint. Benford's single reference to "deliberate indifference" nonetheless suggested his desire to assert *Bivens* claims for the asserted violation of his Eighth Amendment rights. *See* [R. 1 at 15]

Benford also alluded to the BOP's denial of his request for administrative settlement of his claim, and included a copy of both his claim form and the BOP's denial letter with his complaint. [R. 1 at 24-25; R. 1-1 at 62-68] For that reason, the Court entered an Order noting that "while Benford suggests that he wishes to assert a claim *against the United States* under the FTCA, he does not assert such a claim in the complaint. Benford may therefore wish to file an amended complaint addressing these matters." [R. 5 at 2 (cleaned up, emphasis added)]

Benford filed his amended complaint on July 29, 2021, the date he signed it.[2] [R. 7] The amended complaint is identical to the original, except in two respects. First, it adds BOP Regional Counsel Michael Frazier - the government attorney who denied Benford's request for administrative settlement of his FTCA claim - as a twelfth defendant. *See* [R. 7 at 9; R. 7-1 at 59-60] Second, it includes the previously-omitted "Attachment II," which sets forth the legal bases for his claims. *See* [R. 7-1 at 21-27] This document lays out more clearly the grounds for Benford's constitutional claims against the individual defendants. It also mentions, but does not

---

[2] *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. ... absent contrary evidence, a prisoner does so on the date he or she signed the complaint.").

4

clearly assert independent claims for, negligence and intentional infliction of emotional distress. Attachment II also makes clear his intention to assert a FTCA claim. *Id.* Benford cites to numerous court decisions in support of his FTCA claim, all of which included the United States as a party. *See Id.* at 26-27. Still, Benford does not name the United States of America as a defendant in his amended complaint.

The Court has reviewed Benford's complaint, and concludes that it must be dismissed for several reasons. First, Benford failed to fully and properly exhaust his *Bivens* claims. Federal law requires an inmate to exhaust any available administrative remedies before filing suit regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Administrative Remedy Program requires a prisoner complaining about the conditions of his confinement to first file an informal grievance, as well as a formal grievance with the warden. 28 C.F.R. §§ 542.13(a), 542.14(a). If unsatisfied with the response, the inmate must appeal to the appropriate regional office, and if necessary, to the Central Office. 28 C.F.R. § 542.15(a). To properly exhaust administrative remedies, the prisoner must follow this process in full "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

In this case, in March 2019 Benford filed an informal grievance as well as a formal grievance with the warden. He also filed three appeals. MARO rejected the first appeal on June 12, 2019, unaware (through its own fault or Benford's, it matters not which) that Benford had in fact filed a grievance with the warden. *See* [R. 7-1 at 76-77] Benford does not indicate that he made any effort to correct that impression, and he did not promptly file a new appeal with MARO. Instead, one month later he filed a second appeal, but this time to a different (and incorrect)

5

regional office. That appeal was promptly rejected on July 22, 2019. *See* [R. 7-1 at 78] Benford waited three more weeks before filing his third appeal, this one to MARO. *Id*. at 79. MARO promptly rejected this appeal on September 9, 2019, noting that Benford had not signed the appeal and that it was filed two months too late. The rejection notice did, however, state that Benford could "provide staff verification stating reason untimely filing was not your fault" to address the rejection. [R. 7-1 at 86] Benford's efforts at administrative exhaustion ended there. Benford, having abandoned the grievance process notwithstanding an opportunity to cure the defect with his appeal, failed to fully and properly exhaust his administrative remedies. *Napier v. Laurel Cnty.*, 636 F.3d 218, 223-24 (6th Cir. 2011); *see also Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)). His complaint is therefore at least subject to dismissal without prejudice.

Second, Benford's claims under *Bivens* are barred by the statute of limitations. A plaintiff suing a federal employee under *Bivens* for violating his civil rights in Kentucky is subject to a one-year statute of limitations. *See Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."); Ky. Rev. Stat. § 413.140(1)(a) (stating that personal-injury actions in Kentucky have a one-year statute of limitations). Because a prisoner is required to exhaust his administrative remedies before filing suit, he is entitled to equitable tolling of the limitations period if he pursues the grievance process diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

6

Benford's deliberate indifference claims accrued no later than March 22, 2019, the day he filed his formal grievance regarding the sufficiency of the medical care he was being provided. *Cf. Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that a civil rights claim accrues on the date when the plaintiff should have discovered the injury which forms the basis for his claims through the exercise of reasonable diligence). Giving Benford the benefit of any doubt about his entitlement to equitable tolling, he was in the process of exhausting his *Bivens* claims from March 22, 2019, through September 9, 2019, a period of five and one-half months. The statute of limitations, including equitable tolling, therefore expired no later than September 9, 2020. However, Benford did not file suit until May 31, 2021, nearly eight months too late. Benford's claims under *Bivens* are therefore time-barred and will be dismissed with prejudice.

Benford's claim under the FTCA must also be dismissed. Claims under the FTCA must be filed within six months after the pertinent agency declines to settle them administratively:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Benford's original complaint was filed within the six-month window. But that original complaint did not state a claim under the FTCA. First, its allegations and claims did not adequately indicate such a claim. *Cf. Edkins v. Shartle*, No. 14-1972, 2015 WL 13928989, at *2 (6th Cir. Sept. 8, 2015) ("Other than Edkins's references to the FTCA in the statement of facts portion of the complaint, the complaint did not purport to assert any tort claims."). Second, it did not name the United States of America as a defendant. *See Id*. It is long established that the

7

"FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

The failure to name the United States as a defendant, an error Benford did not correct in his amended complaint despite prompting from the Court, warrants dismissal of the FTCA claim. *Cf. Allen v. Veterans Admin.*, 749 F. 2d 1386, 1388 (9th Cir. 1984) (Kennedy, J.) (affirming dismissal because United States was not named as correct defendant); *Johnston v. O'Neill*, 130 F. App'x 1, 4 n.2 (6th Cir. 2005) ("The failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.") (cleaned up); *Banks v. Roberts*, 251 F. App'x 774, 777 (3d Cir. 2007) ("We agree with the District Court's determination that Banks has failed to state a claim because his suit fails to name the United States as a defendant."). And the addition of the United States as a defendant through amendment of the complaint (assuming it should and would be permitted at this late date) would not assist Benford, as an amended complaint against a new defendant does not "relate back" to the original under these circumstances. *See Allen*, 749 F. 2d at 1389; *Weisgal v. Smith*, 774 F. 2d 1277, 1279 (4th Cir. 1985); *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *47 (E.D. Ky. June 9, 2006) ("Because the United States has not previously been a party to this action, Cuco may not add new claims against the United States for the first time well after the expiration of the statute of limitations on that claim has run."), *aff'd and remanded*, 257 F. App'x 897 (6th Cir. 2007). The Sixth Circuit and the other courts of appeal have consistently held that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). Benford's FTCA claim must therefore be dismissed for failure to state a claim and, at this juncture, as time-barred.

Finally, in his amended complaint Benford characterizes the actions of the individual named defendants as "negligence" or involving the "intentional infliction of emotional distress." *See* [R. 7-1 at 22-27]  It is not clear if Benford intended these state law claims to stand as independent causes of action under state law, or merely to supply the substantive bases to impose liability under the FTCA.  If the latter, the Court merely reiterates the necessary dismissal of the FTCA claim.  If the former, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3).  Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over any pendent state law claims.  *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss any state law claims without prejudice.

Accordingly, it is **ORDERED** as follows:

1. The federal claims asserted in Benford's amended complaint [R. 7], including those under *Bivens* and the FTCA, are **DISMISSED WITH PREJUDICE**.  Any claims arising under state law are **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 28th day of June, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge